bide the event, on the ground that the verdict is excessive. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ., concur.

Etta BOYLE, applt., v. Walter G. HOPKINS and Edward Stengel, as sheriff, etc., respts. Supreme Court, Appellate Division, Fourth Department. May 24, 1916.) Interlocutory judgment affirmed with costs, with leave to the plaintiff to plead over within twenty days upon payment of the costs of the demurrer and of this appeal. Held, assuming, without deciding, that the judgment of the City Court may be attacked collaterally and an action in equity will lie, it affirmatively appearing that a transcript of the judgment was filed and that the appellant moved in the County Court to set aside the judgment upon the ground that it was void, the demurrer was properly sustained because the appellant is concluded by the order of the County Court, from which she has not appealed. Order vacating stay affirmed, with $10 costs and disbursements. All concur.

Etta BOYLE, applt., v. Walter G. HOPKINS et al., respt. (Supreme Court, Appellate Division, Fourth Department. June 15, 1916.) Motion for reargument denied, with $10 costs.

Beatrice BRADING, respt., v. ROCHESTER THEATER CO., applt. (Supreme Court, Appellate Division, Fourth Department. April 9, 1916.) Judgment and order affirmed with costs. All concur.

In the Matter of Charles C. BRANCH, an attorney. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Reference ordered before official referee. Settle order on notice.

In the Matter of Jacob Leon BRANDMARKER, an attorney. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Reference ordered to official referee. Settle order on notice.

BRANOWER & SON, Inc., v. Henry WALDES et al. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Motion granted. Settle order on notice.

Walter H. BRASTED, respt., v. Henry GLOVER, applt. (Supreme Court, Appellate Division, Fourth Department. May 17, 1916.) Motion to dismiss appeal granted, unless appellant file and serve printed papers by May 22d, with copy of brief, pay to respondent's attorney ten dollars, and be ready for argument on May 25th.

Walter H. BRASTED. respt., v. Henry GLOVER, applt. (Supreme Court, Appellate Division, Fourth Department. May 24, 1916.) Order entered May 12th modified so as to provide for dismissal of appeal unless appellant file and serve record within two weeks after settlement, pay respondent's attorney ten dollars, and be ready for argument at opening of September term.

Benjamin BRAUNBERG, Plaintiff-Appellant, v. Henry LIEBOWITZ, Defendant-Respondent. (Supreme Court, Appellate Term, First Department. May 26, 1916.) Appeal from Municipal Court, Borough of the Bronx, Second District. Reversed, and new trial ordered.

GUY, J. Plaintiff sued to recover a deposit made by him with the defendant, under the following circumstances: The defendant engaged the plaintiff's father to take charge of a farm owned by the defendant in New Jersey. To insure the faithful performance of the contract on the part of the father, defendant required that the sum of $100 be deposited. This sum the plaintiff testified that he paid the defendant. He expressly stated that it was not advanced to the father for the purpose of deposit, but that it was to enable the father to obtain the situation, and to secure the defendant in case the father failed for any reason to carry on the farm properly and for the stipulated term of one year. There is no dispute that the plaintiff's father fully performed the contract on his part. It is difficult from a reading of the record to discover what the defense actually is. Much of defendant's testimony tends to show that the venture was a losing one on his part, and that he not only paid out large sums of money in carrying on the farm for which he received no return, but that he did, from time to time, loan plaintiff's father sums of money, aggregating more than the amount of the deposit, and which the father told defendant to charge against his personal account, and which the defendant evidently seeks to charge against the deposit. Reference is made in the testimony to the contents of some papers which were introduced in evidence by the defendant, but as these exhibits are not attached to the return we can form no estimate of their value. It may be that they might show that the deposit in question was money belonging to the father, and not to the plaintiff. Parties should, however, see to it that the record is complete before it is submitted or argument heard thereon. As the record now stands there is nothing from which it can be said that the money sued for was not that of the plaintiff, and the judgment in favor of the defendant must be reversed. Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.

James F. BREARTON, applt., v. Thomas S. WALSH, respt. (Supreme Court, Appellate Division, Third Department. June 30, 1916.) Judgment and order unanimously affirmed, with costs.

Leon BRESSLIN, respondent, v. JEWISH PRESS PUBLISHING CO., appellant. (Supreme Court, Appellate Division, Second Department. May 19, 1916.) Motion granted. Settle order before Mr. Justice Stapleton.

Leon BRESSLIN, respondent, v. TRIBUNE ASSOCIATION, appellant. (Supreme Court, Appellate Division, Second Department. November 19, 1915.) Order affirmed, with $10 costs and disbursements, with leave to defendant to answer within twenty days on payment of the costs and disbursements of this appeal, as well as the costs fixed in the order appealed